RECEIVED
NWFRC

MAR 1 4 2017

STAFF INITIALS_____

AO 241
(Rev. 01/15)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: MIDDLE FLORIDA | |
|---|---|---|
| Name (under which you were convicted): JONATHAN CABRERA | | Docket or Case No.: 2009-CF-001080 |
| Place of Confinement: NORTH WEST FLORIDA RECEPTION CENTER (MAIN UNIT) | | Prisoner No.: D01153 |
| Petitioner (include the name under which you were convicted) JONATHAN CABRERA | Respondent (authorized person having custody of petitioner) v. JULIE JONES SEC. FL. D.O.C | |
| The Attorney General of the State of: PAMELA JO BONDI of Florida | | |

8:17-CV-640-T-17 MAP

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    In the Circuit Court of the Twelfth Judicial Circuit Court in and for Manatee County, Florida

    (b) Criminal docket or case number (if you know): Case No.: 2009-CF-001080

2.  (a) Date of the judgment of conviction (if you know): March 24th, 2011

    (b) Date of sentencing: March 24th, 2011

3.  Length of sentence: Count 1) Life, Count 2) 30 years with 25 years minimum mandatory

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: Count 1) Second Degree Murder with a Firearm, count 2) Aggravated Battery Causing Great Bodily Harm with a Firearm

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty       ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty           ☐ (4)  Insanity plea

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    &#10005; Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

&#10005; Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    &#10005; No

9. If you did appeal, answer the following:

(a) Name of court: *Second District Court of Appeal*

(b) Docket or case number (if you know): *Case No.: 2D11-1798*

(c) Result: *Per Curiam Affirmed*

(d) Date of result (if you know): *June 27th, 2012*

(e) Citation to the case (if you know): *Cabrera v. State, 92 So.3d 828 (Fla. App. 2 Dist. 2012)*

(f) Grounds raised: *ISSUE 1) WHETHER THERE WAS SUFFICIENT EVIDENCE TO CONVICT THE APPELLANT OF SECOND DEGREE MURDER?, ISSUE 2) WHETHER THE APPELLANT'S STATEMENTS SHOULD HAVE BEEN SUPPRESSED AS A RESULT OF AN INVALID WAIVER OR IMPROPER WARNINGS?*

(g) Did you seek further review by a higher state court? &#10005; Yes    ☑ No

If yes, answer the following:

(1) Name of court: *N/A*

(2) Docket or case number (if you know): *N/A*

(3) Result: *N/A*

(4) Date of result (if you know): *N/A*

(5) Citation to the case (if you know): *N/A*

(6) Grounds raised: *N/A*

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): *N/A*

(2) Result: *N/A*

(3) Date of result (if you know): *N/A*

(4) Citation to the case (if you know): *N/A*

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: The Twelfth Judicial Circuit in and for Manatee County, Florida

(2) Docket or case number (if you know): Case No. 2009-CF-001080

(3) Date of filing (if you know): June 5th, 2013

(4) Nature of the proceeding: 3.850 - Post Conviction Relief

(5) Grounds raised: Ground 1) INEFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO IMPEACH "FELIPE ARIZPE" FOR PERJURY; Ground 2) PROSECUTORIAL MISCONDUCT BY ALLOWING "FELIPE ARIZPE" TO COMMIT PERJURY W/OUT INFORMING JURY OR DEFENSE THAT WITNESS WAS COMMITTING PERJURY, THEREBY COMMITTING TRIAL BY AMBUSH; Ground 3) INEFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL NOT IMPEACHING SAMUEL CASTRO FOR PERJURY THEREBY VIOLATING DEFENDANTS RIGHT TO EFFECTIVE ASSISTANCE UNDER THE 6th AMENDMENT; (CONTINUANCE ON PAGE 4(a))

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☑ No

(7) Result: Petitioner Amend Second 3.850-Post Conviction Relief motion

(8) Date of result (if you know): July 19th, 2013

Page 4(A) - CONTINUANCE

GROUND 4) PROSECUTORIAL MISCONDUCT BY KNOWINGLY PRESENTING FALSE AND PERJURED TESTIMONY OF SAMUEL CASTRO TO THE JURY; GROUND 5) INEFFECTIVE ASSISTANCE OF COUNSEL BY HIS FAILURE TO IMPEACH ALBERT MORALES FOR PERJURY, BETWEEN HIS SWORN STATEMENTS AT 1ST AND 2nd TRIALS, POLICE REPORTS AND DEPOSITIONS. GROUND 6) DEFENDANT SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL, BY COUNSEL NOT OBJECTING TO PROSECUTORIAL MISCONDUCT FOR KNOWING TENDERING PERJURED TESTIMONY OF ALBERT MORALES W/OUT INFORMING JURY OF PERJURY AND W/OUT OBJECTION OF COUNSEL; GROUND 7) INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT INDEPENDENTLY HAVING THE EXTRA SHELLS THAT WAS UNACCOUNTED FOR INDEPENDENTLY TESTED; GROUND 8) FUNDAMENTAL ERROR OCCURRED WHEN THE STATE, DURING CLOSING ARGUMENT, TRIED TO INSTRUCT THE JURY ON PRINCIPAL THEORY WHEN DEFENDANT WAS NOT CHARGED WITH PRINCIPAL; GROUND 9) DEFENDANT SUFFERS FROM CUMULATIVE ERRORS COMMITTED BY INEFFECTIVE ASSISTANCE OF COUNSEL, BY PROSECUTORIAL MISCONDUCT, AND FUNDAMENTAL ERROR IN BEING CONVICTED OF A CRIME UNDER A THEORY HE WAS NOT EVEN CHARGED WITH PRINCIPAL

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: The Twelfth Judicial Circuit in and for Manatee County, Florida

(2) Docket or case number (if you know): Case No.: 2009-CF-1080

(3) Date of filing (if you know): July 19th, 2013

(4) Nature of the proceeding: 3.850-Post Conviction Relief (Amended Motion)

(5) Grounds raised: GROUND 1) TRIAL COUNCEL WAS INEFFECTIVE FOR FAILING TO EXERCISE PEREMPTORY CHALLENGES AGAINST CERTAIN JURORS VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISION; GROUND 2) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE JURY VENIRE NOT REPRESENTING A FAIR CROSS SECTION OF THE COMMUNITY VIOLATING THE DEFENDANTS 6th AND 14th (CONTINUANCE ON PAGE 5(A))

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: DENIED

(8) Date of result (if you know): JANUARY 25th, 2016

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: The Twelfth Judicial Circuit in and for Manatee County, Florida

(2) Docket or case number (if you know): Case No.: 2009-CF-001080

(3) Date of filing (if you know): MAY 7th, 2014

(4) Nature of the proceeding: Amend/Supplement 3.850 Postconviction Relief motion

(5) Grounds raised: GROUND 3) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND CALL CERTAIN WITNESSES VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENTS RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS

Page 5(A) - Continuance

AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS; GROUND 3) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND CALL CERTAIN WITNESSES VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS; GROUND 4) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CROSS-EXAMINE DR. MAAG VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS; GROUND 5) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO CHRISTY RHODES-EDWARDS HEARSAY AND PRESERVE THE ISSUE FOR APPEAL VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS; GROUND 6) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REDACT FROM THE AUDIO TAPE CERTAIN PORTIONS WHICH WERE PREJUDICIAL VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS; GROUND 7) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE INTRODUCTION OF THE FIREARM VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS; GROUND 8) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE INTRODUCTION INTO EVIDENCE OF FIVE SHELL CASINGS FROM ANOTHER CRIME SCENE VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS (CONTINUANCE ON PAGE 5(B))

Page 5(B)-Continuance


GUARANTEED BY THE UNITED STATES CONSTITUTION
AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS;
GROUND 9) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO
OBJECT TO THE JURY INSTRUCTION ON THE PRINCIPAL THEORY
VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS
GUARANTEED BY THE UNITED STATES CONSTITUTION AND
CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS;
GROUND 10) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING
TO IMPEACH EMILIO LAZO VIOLATING THE DEFENDANTS 6th
AND 14th AMENDMENT RIGHTS GUARANTEED BY THE UNITED
STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTIT-
UTIONAL PROVISIONS; GROUND 11) TRIAL COUNSEL WAS
INEFFECTIVE FOR FAILING TO REQUEST A CURATIVE
INSTRUCTION OR MOVE FOR A MISTRIAL AFTER TESTIMONY
WAS PRESENTED TO THE JURY VIOLATING THE DEFENDANTS
6th AND 14th AMENDMENT RIGHTS GUARANTEED BY THE
UNITED STATES CONSTITUTION AND CORRESPONDING
FLORIDA CONSTITUTIONAL PROVISIONS

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: DENIED

(8) Date of result (if you know): JANUARY 25th, 2016

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☑ No

(2) Second petition:    ☑ Yes    ☐ No

(3) Third petition:    ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

PETITIONER, First petition had been AMENDED

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTI-GATE AND CALL CERTAIN WITNESSES VIOLATING (CONTINUANCE ON PAGE 6(A))

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel was ineffective for failing to call a certain witness for the defense a trial. Specifically, counsel was ineffective for failing to call Detective Plonczynski. Detective Plonczynski was available to testify. Plonczynski would have testified that Francisco Trevino made numerous phone calls while he was being detained as part of the investigation regarding this case. Further the testimony would have been that Trevino made (CONTINUANCE ON PAGE 6(B)-6(D))

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

Page 6(A) - Continuance

THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS.

Page 6(B)-CONTINUANCE

numerous phone calls to the other witnesses at the scene, specifically individuals who testified at Cabrera's trial. Plonczynski would have also testified that he being a detective over the gang division of the police force would have been able to give substantial testimony regarding gang culture, how gangs will conspire between members to fabricate a crime against rival gang members. His testimony would have been that gang members are known to lie under oath against rival gang members. Also that gang members would testify to defend there gang family.

Counsel was ineffective for failing to call this witness to testify at trial. Counsel's failure to call this witness prejudiced Cabrera in that this testimony regarding the actions of Trevino that night would have impeached Trevino's testimony that he never made any phone calls to witnesses that night and would have shown fabrication. Also Plonczynski's testimony about gang culture would have been direct evidence of how gangs operate and with that testimony being given would have corroborated defense counsel's closing argument and thoroughly damaged the state's rebuttal argument because they would not have been able to say there was no testimony on gang culture or conspiracy to fabricate a crime. Had this testimony been heard by the jury it would have created a reasonable doubt, a doubt which vacillates because this testimony calls into doubt the credibility of all the states eye witnesses. But for counsel's failure to call this witness who was available to testify, the out come of the trial would have

(CONTINUANCE ON PAGE 6(C))

Page 6(c) - CONTINUANCE

been different resulting in a not guilty verdict.

Trial counsel was ineffective for failing to call Detective Dickerman as a defense witness. Detective Dickerman was available to testify. Detective Dickerman would have testified that Emilio Lazo never stated that Jonathan Cabrera was the shooter. Dickerman would have further testified that Cabrera did not cause any problems in the bar. Counsel was ineffective for failing to call this witness to testify on behalf of the defense in that this witness testimony would have directly impeached the credibility of state witness Emilio Lazo striking a blow to the veracity of the states witnesses testimony under oath, showing fabrication to lie under oath against a rival gang member. But for Counsels error in failing to call this witness to impeach another states witness the result of the trial would have been different.

Trial counsel was ineffective for failing to call Deputy Mark Paxton as a witness at trial. Deputy Paxton was available to testify.

Deputy Paxton would have testified that during an interview with Emilio Lazo, Lazo never identified Cabrera as the shooter. Counsel was ineffective for failing to call this witness in that this testimony would have furthered defense counsels argument of misidentification and shown fabrication and conspiracy on part of state witnesses to lie under oath to convict Cabrera. But for Counsels' errors in failing to call this witness to testify at trial the result of the proceeding would have been different.

(CONTINUANCE ON PAGE 6(D))

Page 6(D)-CONTINUANCE

Counsel failed to investigate the deposition given by doctor Maag and Cabrera avers had counsel conducted a thorough investigation he would have discovered the following; first, counsel would have discovered doctor Maag conversed with the victim Castro, at the hospital, where Castro stated his conflicting statements; initially Castro did not know who shot him, And retracted his statement that Cabrera was the shooter when Castro was told by doctor Maag that there is a strong possibility that he is going to die (Doctor Maag Depo pg.5). Secondly, counsel would have discovered that doctor Maag observed the nursing staff indeed making several phone calls for the conscious victim Castro (Doctor Martin Maag Depo pg.6). As such, counsel's failure to investigate doctor Maag's deposition constitutes a deficient pretrial investigation, and deprived Cabrera of his sixth amendment right to the effective assistance of counsel under Strichland. Therefore, Cabrera contends counsel's neglect resulted in counsel's failure to call doctor Maag as a defense witness. Doctor Maag was available to testify. Doctor Maag would have testified that upon victim Castro arrival to the hospital. Castro had stated he did not know who shot him when doctor Maag converse with Castro doctor Maag would have further testified to his observation of Castro of being conscious and responsive and that nursing staff indeed made several phone calls for Castro.

Doctor Maag's testimony would have conflicted with several material facts given by the victim at trial. Specifically, that he was positive Cabrera shot him and that he made no phone calls at the hospital because he was unconscious [2nd T.T-Vol.7/Page 274]

Trial counsel ineffectiveness caused prejudice to Cabrera and that if trial counsel had thoroughly investigated doctor Maag's depo and called doctor Maag for defense witness it would have corroborated his defense, destroyed the prosecution's case, impeached Castro's testimony and change the entire outcome of the trial.

AO 241
(Rev. 01/15)

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:  *APPELLANT COUNSEL DID NOT RAISE THIS ISSUE*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  *FLA R. CRIM. P. RULE 3.850 - Post conviction Relief*

Name and location of the court where the motion or petition was filed:  *THE TWELFTH JUDICIAL CIRCUIT COURT IN AND FOR MANATEE COUNTY, FLORIDA*

Docket or case number (if you know):  *CASE NO.: 2009-CF-001080*

Date of the court's decision:  *January 25th, 2016*

Result (attach a copy of the court's opinion or order, if available):  *DENIED*

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  *IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FL. 33802*

Docket or case number (if you know):  *CASE NO.: 2016-881*

Date of the court's decision:  *December 28, 2016*

Result (attach a copy of the court's opinion or order, if available):  *PER CURIAM. AFFirmed*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  *N/A*

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: *N/A*

**GROUND TWO:** TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO CHRISTY RHODES-EDWARDS HEARSAY AND PRESERVE (CONTINUANCE ON PAGE 8(A))

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During the first trial in this case judge Moreland ruled that state witness Christy Rhodes would be allowed to testify in respect to a statement that Samuel Castro made to her in this case. The statement that Castro made to Christy was determined to be hearsay but fell under the excited utterance exception to the hearsay rule. Castro made this statement on his way to the hospital where he was excited due to trauma from being shot. Judge Moreland ruled in the first trial that since Castro made a phone (CONTINUANCE ON PAGE 8(B)&(C))

(b) If you did not exhaust your state remedies on Ground Two, explain why: *N/A*

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: APPELLANT COUNSEL DID NOT RAISE THIS ISSUE

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: FLA. R. CRIM. P. RULE 3.850-POST CONVICTION RELIEF

Name and location of the court where the motion or petition was filed: THE TWELFTH JUDICIAL CIRCUIT COURT IN AND FOR MANATEE COUNTY, FLORIDA

Docket or case number (if you know): CASE NO.: 2009-CF-001080

Date of the court's decision: January 25th, 2016

Page 8(A) - CONTINUANCE

THE ISSUE FOR APPEAL VIOLATING THE DEFENDANTS 6th AND 14th AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS

Page 8 (B)-CONTINUANCE

Call to his babymama after the declaration was made that it met the requirements of the excited utterance exception rule.[1st Trial-Vol.4, Pages 138-144]

After the jury deadlocked at the first trial, a mistrial was declared and the case went foward with a second trial the state and defense counsel agreed that all previous evidentiary rulings would carry over to the second trial. Defense counsel stated at this juncture that he would renew his objection when the time arose to make his objection [2nd Trial-Vol.7, Page 159] Defense Counsel never renewed his objection as to the introduction of this hearsay evidence as it was introduced at trial.

Defense counsel was ineffective for failing to object at the second trial to the introduction of this statement on the grounds that this was hearsay evidence. Defense counsel errors prejudiced Cabrera in that had counsel properly investigated this case prior to the commencement of the second trial counsel would have discovered that in Christy Rhodes deposition Christy Rhodes states that Samuel Castro made a phone call to his babymama first, showing reflective thought. It was only after the phone call that Samuel Castro in response to Christy Rhodes asking Castro who did this Castro implicated the defendant Cabrera as the shooter [Christy Rhodes Depo. Page 11/Line 2-13]. The fact that Castro made a phone call before making the declaration to Christy Rhodes show's that the statement Castro made, did not fall under the excited utterance exception to the hearsay rule because there was time for reflective thought. Had defense counsel properly investigated this issue it would had also discovered evidence that in Christy

(CONTINUANCE ON PAGE 8(C))

Page 8(c)-CONTINUANCE

      Rhodes deposition that when she walked
outside the bar there was a group of people around
Castro and two bouncers from the club were talking to
Castro further showing time to contrive and misrepresent
[Christy Rhodes Depo. Pages 17 and 18]. With this evidence
presented to the judge at the second trial the hearsay
evidence implicating Cabrera as the shooter would had to
have been excluded. With this evidence excluded there is a
high probability that the jury would have returned with a
not guilty verdict.

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available): **DENIED**

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FL 33802

Docket or case number (if you know): CASE NO.: 2D16-881

Date of the court's decision: December 28, 2016

Result (attach a copy of the court's opinion or order, if available): PER CURIAM AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : N/A

**GROUND THREE:** TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REDACT FROM THE AUDIO TAPE CERTAIN PORTIONS (CONTINUANCE ON PAGE 9 (A))

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prior to the audio tape recording of the custodial interrogation of Cabrera being played for the jury the prosecutor at a bench conference asked defense counsel specifically if he would like to redact a certain portion of the recording in which Cabrera told detectives of crimes he had committed in the past implicating him in burglaries that he had perpetrated in the past [2nd TRIAL - Vol. 9, Page 499/lines 3-6]. Defense counsel stated that no the tape if it (CONTINUANCE ON PAGE 9 (B))

Page 9(A)-CONTINUANCE

WHICH WERE PREJUDICIAL VIOLATING THE
DEFENDANTS 6TH AND 14TH AMENDMENT RIGHTS GUARANTEED
BY THE UNITED STATES CONSTITUTION AND CORRESPONDING
FLORIDA CONSTITUTIONAL PROVISIONS

Page 9 (B)-CONTINUANCE

Was the same tape which was played at the first trial would be alright to be played to the jury as is. [2ⁿᵈ Trial-Vol.9, Pages 486-487]

In first trial, Defense Counsel admits reading the transcripts of the tape. But haven't listen to the tape. The Court then asked Defense Counsel if there's any prejudicial that he thinks that there was any problem. Defense Counsel agree's that Cabrera doesn't talk about prior crimes other than some drug use. [1ˢᵗ Trial-Vol.4, Pages 203-204]

In the Instant case, Defense Counsel was ineffective for failing to redact the portion of the recording in which Cabrera discusses with detectives his prior criminal history and conduct when asked by the state if Defense Counsel would like to remove this prejudicial portion of the audio tape. Defense Counsel failure to redact upon the prosecutors request that this is a known damaging section of the recording which is a statement from the defendant stating that he has committed crimes in the past, crimes which two members of the jury had been victimized by, prejudiced Cabrera in that it show's he had bad character and a propensity to commit bad acts, inflaming the hearts and minds of the jury to the point that their verdict was an emotional response to biases which they possessed. But for counsel's error the results of the proceeding would have been different.

AO 241                                                                                  Page 10
(Rev 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *N/A*

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:     *APPELLANT COUNSEL DID NOT RAISE THIS ISSUE*

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *FLA. R. CRIM. P. RULE 3.850-POST CONVICTION RELIEF*

Name and location of the court where the motion or petition was filed: *THE TWELFTH JUDICIAL CIRCUIT COURT IN AND FOR MANATEE COUNTY, FLORIDA*

Docket or case number (if you know): *CASE NO: 2009-CF-001080*

Date of the court's decision: *January 25th, 2016*

Result (attach a copy of the court's opinion or order, if available): *DENIED*

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FL. 33802*

Docket or case number (if you know): *CASE NO: 2016-881*

Date of the court's decision: *December 28, 2016*

Result (attach a copy of the court's opinion or order, if available): *PER CURIAM AFFIRMED.*

AO 241
(Rev. 01/15)                                                                            Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:    *N/A*

**GROUND FOUR:**    TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE
INTRODUCTION OF THE FIREARM VIOLATING THE (CONTINUANCE ON PAGE 11(A))

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At trial a firearm was introduced into evidence. Without dispute the
testimony at trial showed the firearm was recovered from underneath
the passenger's seat of the car Francisco Trevino, Rodrigo Vasquez and
Albert Morales were riding in. Counsel failed to object to the introduction
of the firearm on the basis that the probative value of introducing the
firearm was out weighed by the danger of unfair prejudice to Cabrera.
The state did not present any evidence at trial (CONTINUANCE ON PAGE 11(B))

(b) If you did not exhaust your state remedies on Ground Four, explain why:    *N/A*

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    APPELLANT COUNSEL
DID NOT RAISE THIS ISSUE

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    FLA. R. CRIM. P. RULE 3.850-POST CONVICTION RELIEF

Page 11 (A)-CONTINUANCE

DEFENDANTS 6TH AND 14TH AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS.

Page II (B) - CONTINUANCE

Showing a sufficient link between the weapon and the crimes with which Cabrera was charged. The firearm in no way was tied to the crime charged against Cabrera and was entirely irrelevant. The testimony at trial established that the murder weapon was never recovered. The introduction of the firearm recovered from the victims car did not tend to prove or disprove any material fact in controversy and was wholly irrelevant.

Counsel was ineffective for failing to object to the introduction into evidence of the firearm. Counsel's failure to object to the introduction of the firearm prejudiced Cabrera because the confusing and misleading effect of the firearm substantially outweighs any probative value, rendering it inadmissible. Had Counsel objected to the introduction of the firearm the objection would have been granted and the inadmissible evidence of the firearm would have been excluded. With the firearm excluded from evidence the result of the trial would have been different because this evidence polluted, misled, puzzled, confused the jurors into believing this gun was the murder weapon when it was not. This inadmissible evidence had the effect of tipping the scales of justice against the defendant without this evidence the result of the trial would have been different.

AO 241
(Rev. 01/15)

Page 12

Name and location of the court where the motion or petition was filed: THE TWELFTH JUDICIAL CIRCUIT COURT IN AND FOR MANATEE COUNTY, FLORIDA

Docket or case number (if you know): CASE No. 2009-CF-001080

Date of the court's decision: January 25th, 2016

Result (attach a copy of the court's opinion or order, if available): DENIED

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, SECOND DISTRICT, POST OFFICE BOX 327 LAKELAND, FL. 33802

Docket or case number (if you know): CASE No. 2D16-881

Date of the court's decision: December 28, 2016

Result (attach a copy of the court's opinion or order, if available): PER CURIAM. AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

Page 12 (A)

GROUND FIVE: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE INTRODUCTION INTO EVIDENCE OF FIVE SHELL CASINGS FROM ANOTHER CRIME SCENE VIOLATING THE DEFENDANTS 6ᵗʰ AND 14ᵗʰ AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

      Nineteen shell casings were recovered from the crime scene in this case. At trial the crime scene technician testified that nineteen shell casings were recovered from the crime scene but that of the nineteen shells the state sought to have introduced into evidence only fourteen of those shells did the FDLE analyst verify as having been collected from the crime scene. When the prosecutor asked the FDLE analyst his next question about the five remaining shell casings she stated that was not her handwriting on the evidence bag that she did not know where those casings came from. The prosecutor then called a bench conference to explain to defense counsel that the five remaining shells came from another crime scene and that the prosecutor had those shells sent in for testing to see if they possibly came from the gun recovered from the victims in this case.

    It is at this point that defense counsel should have objected to the introduction of the five shell casings which came from another crime scene on the grounds that this evidence was inadmissible and irrelevant to the case. Counsel's failure to object to the introduction of this inadmissible evidence prejudiced Cabrera because it

(CONTINUANCE ON PAGE 12(B)).

Page 12(B)-CONTINUANCE

    Confused and mislead the jury. The FDLE analyst stated at trial that eight shell casings came from one firearm while six shell casings came from another firearm, firearms which were never recovered, a total of fourteen shells being accounted for. This left the remaining shell casings, which came from another crime scene, to be unaccounted for and contaminating the jury's minds. The jury not hearing the origin of the five remaining shell casings left the jury to draw inferences and conclusions as to where these five remaining shell casings most likely were casings spent from the murder weapon. Had counsel objected to the introduction into evidence of these five shell casings this inadmissible evidence would have been excluded. With these remaining shell casings excluded from evidence the jury would have returned with a not guilty verdict because the State would not have met its burden of proof and the jury would have had to base their verdict on the evidence not impermissible inferences leading to assumptions of conclusions. But for counsel's ineffectiveness the result of the proceeding would have been different.

  (b) If you did not exhaust your state remedies on Ground five, explain why: <u>N/A</u>

(c) Direct Appeal of Ground Five:
  (1) If you appealed from the judgement of conviction, did you raise this issue? <u>NO.</u>
  (2) If you did not raise this issue in your direct appeal, explain why: <u>APPELLANT COUNSEL DID NOT RAISE THIS ISSUE</u>

(d) Post-Conviction Proceedings:

(CONTINUANCE ON PAGE 12(c))

Page 12(c) - CONTINUANCE

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? YES,

(2) If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition: FLA.R.CRIM.P. RULE 3.850-POST CONVICTION RELIEF

Name and location of the court where the motion or petition was filed: THE TWELFTH JUDICIAL CIRCUIT COURT IN AND FOR MANATEE COUNTY, FLORIDA

Docket or case number (if you know): CASE NO.: 2009-CF-001080

Result: DENIED

(3) Did you recieve a hearing on your motion or petition? No.

(4) Did you appeal from the denial of your motion or petition? Yes.

(5) If you answer to Question (d)(4) is "Yes", did you raise this issue in the appeal? YES.

(6) If your answer to Question (d)(4) is "YES", state:

Name and location of the court where the appeal was filed: IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FLORIDA 33802

Docket or case number (if you know): CASE NO.: 2D16-881

Date of the court's decision: December 28, 2016

Result: PER CURIAM. AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: N/A

GROUND SIX: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE JURY INSTRUCTION ON THE PRINCIPAL THEORY VIOLATING THE DEFENDANTS 6TH AND 14TH AMENDMENTS RIGHTS

(CONTINUANCE ON PAGE 12(D))

Page 12(D)-CONTINUANCE

GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
                            At trial the prosecutor requested that the principal instruction be read to the jury. The prosecutor stated that Cabrera was the first one to pull out a gun and start shooting and because there was testimony that he was with a group of people the principal instruction would be read. There was no evidence at trial that Cabrera acted in concert with anyone, nor did he incite, cause, assist, advise, encourage, procure or hire another to commit this crime. No evidence was presented at trial that Cabrera was a principal. The inconsistent testimony at trial was that Cabrera was the shooter and that he was with a group of people. However there was no evidence at trial that anyone in the group Cabrera was with were shooting, it was either he shot or no one from his group fired any shots. Reading of the principal instruction was erroneous because the state never argued the principal theory to the jury; neither was the principal contained in the body of the felony information, stating Cabrera acted in concert with anyone, when Cabrera was charged with a crime.
                            Counsel was ineffective for failing to object to the principal instruction being read to the jury. Counsel's failure to object to the principal instruction prejudiced Cabrera because the reading of the principal instruction confused and misled the jury into convicting Cabrera if it found he incited the shooting. This instruction lessened the state's burden of proof. Had counsel objected to the principal

(CONTINUANCE ON PAGE 12(E))

Page 12(E) - CONTINUANCE

instruction the instruction would have been excluded and not have been read to the jury and with this instruction excluded from the jury charge it would have resulted in a different verdict.

(b) If you did not exhaust your state remedies on Ground Six, explain why: N/A

(c) Direct Appeal of Ground Six:
  (1) If you appealed from the judgement of conviction, did you raise this issue? No.
  (2) If you did not raise this issue in your direct appeal, explain why: APPELLANT COUNSEL DID NOT RAISE THIS ISSUE

(d) Post-Conviction Proceedings:
  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? YES.
  (2) If your answer to Question (d)(1) is "Yes," state:
  Type of motion or petition: FLA. R. CRIM. P. RULE 3.850 - POST CONVICTION RELIEF
  Name and location of the court where the motion or petition was filed: THE TWELFTH JUDICIAL CIRCUIT COURT IN AND FOR MANATEE COUNTY, FLORIDA
  Docket or Case number (if you know): CASE NO.: 2009-CF-001080
  Result: DENIED
  (3) Did you recieve a hearing on your motion or petition? No.
  (4) Did you appeal from the denial of your motion or petition? YES.
  (5) If you answer to Question (d)(4) is "YES", did you raise this issue in the appeal? YES.
  (6) If you answer to Question (d)(4) is "YES", state:
  Name and location of the court where the appeal was filed: IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA,

(CONTINUANCE ON PAGE 12(F))

Page 12(F)-Continuance

SECOND DISTRICT, Post Office Box 327, Lakeland, Florida 33802
Docket or case number (if you know): CASE NO.: 2D16-881
Date of the court's decision: December 28, 2016
Result: PER CURIAM AFFIRMED

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground six: PETITION FOR WRIT OF HABEAS CORPUS INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

GROUND SEVEN: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A CURATIVE INSTRUCTION OR MOVE FOR A MISTRIAL AFTER TESTIMONY WAS PRESENTED TO THE JURY VIOLATING THE DEFENDANTS 6TH AND 14TH AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND CORRESPONDING FLORIDA CONSTITUTIONAL PROVISIONS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
                                    At trial Detective Kirkland testified that she was the officer on the scene who showed the photo-lineup's which were given to the witnesses at the scene for the purpose of identifying the alleged shooter, the perpetrator of the crime [2nd Trial-Vol.9, Pages 474-476]. During this testimony from Detective Kirkland she stated that the photo's used to assemble the photo line-up Were photographs

(CONTINUANCE ON PAGE 12(G))

Page 12 (G)-CONTINUANCE

of the people who have been arrested in the past [2nd Trial-Vol.9, Page 476/Lines 15-21]. A bench conference was held and it was agreed upon between the counsels that the prosecutor would ask a leading question to get out of that line of questions which caused the error. [2nd Trial-Vol.9, Pages 476-477] Upon the resumption of questioning by the state the state's next question failed to adequately compensate for the depravity and detriment to the fairness of the trial that the fact that Cabrera had been previously arrested had on the trier of fact because the damage was done and the bell had been tolled. Add to that the fact all photo's in the photo line up show individuals in there prison garb and you have an error that infected the whole trial and adversarial testing processes polluting and infecting the minds of the jury vitiating the entire trial.

Counsel was ineffective for failing to request a curative instruction and or moving for a mistrial on the grounds that the witness has just implicated Cabrera has having been previously arrested and thus had a propensity to commit bad acts. Counsel's failure to move for a mistrial showed counsel's lack of appreciation such testimony has on a jury and prejudiced Cabrera in that counsel's failure to request a curative instruction or move for a mistrial deprived Cabrera of his right to a fair trial. Had counsel requested a curative instruction or moved for a mistrial the result of the proceeding would have been different.

(b) If you did not exhaust your state remedies on Ground seven, explain why: N/A———————————————

(c) Direct Appeal of Ground Seven:

(CONTINUANCE ON PAGE 12 (H))

Page 12(H) - CONTINUANCE

(1) If you appealed from the judgement of conviction, did you raise this issue? No.

(2) If you did not raise this issue in your direct appeal, explain why: APPELLANT COUNSEL DID NOT RAISE THIS ISSUE

(d) Post-Conviction Proceeding:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? YES

(2) If your answer to Question (d)(1) is "Yes", state:

Type of motion or petition: FLA.R.Crim.P. Rule 3.850-Post Conviction RELIEF

Name and location of the court where the motion or petition was filed: THE TWELFTH JUDICIAL CIRCUIT COURT IN AND FOR MANATEE COUNTY, FLORIDA

Docket or Case Number (if you know): CASE No.: 2009-CF-001080

Result: DENIED

(3) Did you recieve a hearing on your motion or petition? No.

(4) Did you appeal from the denial of your motion or petition? YES

(5) If you answer to Question (d)(4) is "YES", did you raise this issue in the appeal? YES

(6) If you answer to Question (d)(4) is "YES", state:

Name and location of the court where the appeal was filed: IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FLORIDA 33802

Docket or Case number (if you know): CASE No.: 2D16-881

Date of the court's decision: December 28, 2016

Result: PER CURIAM AFFIRMED

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Seven: N/A

AO 241
(Rev. 01/15)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:    N/A

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised. the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.    N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.    N/A

AO 241
(Rev. 01/15)

Page 14

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Phillip B. Paine (P.D.)-1051 Manatee Avenue West, Seventh Floor, Bradenton, FL 34205/ Mark Maynard -1800 Second Street, Suite 714, Sarasota, Florida 34236

(b) At arraignment and plea: Phillip B. Paine (P.D)-1051 Manatee Avenue West, Seventh Floor, Bradenton, Florida 34205/ Mark Maynard -1800 Second Street, Suite 714, Sarasota, Florida 34236

(c) At trial: Mark Maynard -1800 Second Street, Suite 714, Sarasota, Florida 34236

(d) At sentencing: Mark Maynard -1800 Second Street, Suite 714, Sarasota, Florida 34236

(e) On appeal: Daniel L. Castillo, P.O. Box, Drawer PD, Bartow, Florida 33831

(f) In any post-conviction proceeding: Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro Se

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes     ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes     ☑ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

July 20th, 2012-MANDATE-from SECOND DISTRICT COURT OF APPEAL (Case No. 2D11-1798)
March 13th, 2013-Ineffective Assistance of Appellant Counsel (9.141(c)(1))-FILED
April 9th, 2013-DENIED-Ineffective Assistance of Appellant Counsel (9.141(c)(1))
April 18th, 2013-FILED-Motion For Rehearing (Case No.: 2013-1197)
May 10th, 2013-DENIED-Petitioner Motion for Rehearing (Case No.: 2013-1197)
June 5th, 2013-FILED-Motion For Postconviction Relief "3.850"

AO 241
(Rev. 01/15)

Page 15

February 27th, 2014-FILED-Second Amended motion for Post conviction Relief
Pursuant to Fla. R. Crim. P. Rule 3.850
May 7th, 2014-FILED-Amend/Supplement motion for Post Conviction Relief
Pursuant to Fla. R. Crim. P. Rule 3.850
January 25th, 2016-DENIED-Fla. R. Crim. P. Rule 3.850 Post conviction Relief
February 13th 2016-FILED-"Notice of Appeal" to the Second District
Court of Appeal (Case No. 2016-881)
January 19th, 2017-MANDATE (Case No. 2D16-881)
February 22nd, 2017-FILED-3.800 (motion to Correct Illegal Sentence)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Reverse and Remand for a New Trial*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *March 14, 2017* (month, date, year).

Executed (signed) on *March 14, 2017* (date).

RECEIVED
NWFRC

MAR 1 4 2017

STAFF INITIALS_____

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____



JONATHAN CABRERA / DC# D01153
C4-104 LOW
NORTHWEST FLORIDA RECEPTION CENTER
(MAIN UNIT)
4455 SAM MITCHELL DRIVE
CHIPLEY, FLORIDA 32428

MAILED FROM STATE
CORRECTIONAL INST.

CLERK OF
SAM M. CLASSONS
MIDDLE FLORIDA
U.S. COURT HOUSE
801 N. FLORIDA AVE.
TAMPA, FLORIDA 33602-3800